OSCN Found Document:IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS2014 OK CR 6Case Number: CCAD-2014-2Decided: 06/19/2014IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS
As Corrected: June 23, 2014Cite as: 2014 OK CR 6, __ __

IN RE: REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL
APPEALS
ORDER ADOPTING REVISION IN AND REPUBLISHING
PORTIONOF THE RULES OF THE COURT OF CRIMINAL APPEALS
¶1 We find that revision of the Rules for the Oklahoma Court of Criminal
Appeals is necessary to ensure that exhibits depicting or containing child
pornography are properly handled and secured throughout the State and that such
exhibits are lawfully made available for review on direct appeal. Pursuant to
the provisions of Section 1051(b) of Title 22 of the Oklahoma Statutes, we
hereby revise, adopt, promulgate and republish portions of the Rules of the
Oklahoma Court of Criminal Appeals, 22 O.S.Supp. 2013, Ch. 18, App. (2014),
set forth as follows and as set out in the attachment to this order:

RULE 2.2(G). When the Record Includes Child
PornographyFORM 13.16 Order To Transport Sealed
Exhibits On Appeal
¶2 These revisions shall become effective on the date of this order.
¶3 IT IS SO ORDERED.
¶4 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 19th
day of June, 2014.
/S/DAVID B. LEWIS, Presiding Judge
/S/CLANCY SMITH, Vice Presiding Judge
/S/GARY L. LUMPKIN, Judge
/S/CHARLES A. JOHNSON, Judge
/S/ARLENE JOHNSON, Judge
ATTEST:/s/Michael S. RichieClerk
 
 
IN THE DISTRICT COURT OF ________________ COUNTY
THE STATE OF OKLAHOMA
 

THE STATE OF OKLAHOMA,
                    Plaintiff,
 
vs.
 
____________________________________,                    Defendant.

)
)
)
)
)
)
)
)

District Court Case No. ___________________ 
Appeal Case No. _______________________ 
ORDER TO TRANSPORT SEALED EXHIBITS ON APPEAL
 
The attached exhibit(s) numbering __________________________ were introduced
at trial in the above styled case. At that time, this Court ordered the
exhibit(s) placed in a sealed manila envelope and clearly marked with the
caption and case number; the date the order was entered; the name of the judge
who entered the order; and the word "SEALED". As the exhibit(s) are part of the
record on appeal in this case and the Oklahoma Court of Criminal Appeals has
issued its Notice to Transmit, I hereby order the Clerk of the District Court of
__________________________ County, to deliver the exhibit(s) to the following
individual: ___________________________________ in his or her official capacity
as _______________________ for _____________________________________ to
transport to the Court of Criminal Appeals. I further order
___________________________________ in his or her official capacity as
______________________________ for _____________________________________ to
transport the exhibit(s), along with two (2) copies of the Order to Transport to
the Clerk of the Court of Criminal Appeals, 2100 N. Lincoln, Suite 4, Oklahoma
City, Oklahoma 73105 and hand-deliver the exhibits to the Clerk of Court of
Criminal Appeals or his deputy clerk within ten (10) days of the date of this
order.
IT IS SO ORDERED.
 
This order signed this __________ day of __________, 20__________.
 
__________________________________Judge of the District Court
__________________________________(Signature plus typed name and
title)
 
CLERK'S CERTIFICATION OF EXHIBITS
 
I, ________________________, Clerk of the District Court of _________________
County, State of Oklahoma, do hereby certify that the exhibits attached to this
Order to Transport Sealed Exhibits On Appeal are the true and correct exhibits
filed under seal in the above entitled cause, as designated. In testimony
whereof, I have hereunto set my hand and the seal of this Court this ________
day of ____________, 20_______.
 
(SEAL)
By:
_________________________
Court Clerk
 
RECEIPT TO TRANSPORT
 
I, ___________________________ in my official capacity as
_________________________________ for _____________________________________,
acknowledge receipt of the Order to Transport Sealed Exhibits On Appeal in the
above styled case and the attached sealed exhibits. I understand that I must
hand-deliver the exhibits and two (2) copies of the Order to Transport to Clerk
of the Court of Criminal Appeals, 2100 N. Lincoln, Suite 4, Oklahoma City,
Oklahoma 73105, within the time limits prescribed by the Oklahoma Court of
Criminal Appeals.
 
Dated: _________ day of ________, 20______.
 
_______________________________________
______________________________________      
(Signature plus typed name and title)
 
APPELLATE COURT CLERK'S ACKNOWLEDGMENT OF RECEIPT
 
I acknowledge receipt of the Order to Transport Sealed Exhibits On Appeal in
the above styled District Court Case and the attached sealed exhibits as part of
the record on appeal this _______ day of ________, 20______,
 
(SEAL)
By:
_________________________Appellate Court Clerk
 
 
Rule 2.2 Form and Contents of Record
A. Duties of Clerk to Assemble Record. After a designation of the
record is made, the trial court clerk shall promptly assemble, in chronological
sequence, all of the instruments on file, together with transcripts as required
by subpart B of this Rule, which have been designated for inclusion in the
record on appeal. The instruments, numbered consecutively, indexed and bound in
volumes which shall not exceed two hundred (200) pages each, shall be certified
under the seal of the clerk of the trial court. All designations of record and a
certified copy of all the appearance docket sheets, as well as the Judgment and
Sentence AND/OR final order, shall be included. In accordance with Rule
3.2, three (3) certified copies shall be prepared for transmission to this Court
and appellant's attorney. The Court recognizes the provisions of Section 1054 of
Title 22, but directs the clerk of the trial court to retain the original record
in the trial court. See Rule 4.3 for duties in certiorari appeals.
(Emphasis added by the Court)
B. Duties of Court Reporter to Assemble Exhibits.
(1) The court reporter shall ensure trial exhibits are indexed and
incorporated into the transcript by physical attachment. In the event the
exhibit cannot be physically attached, the court reporter shall attach a clear
and viewable photograph or photocopy accurately depicting the exhibit to both
the original transcript (or separate volume if necessary) and copies as required
below. All copies of exhibits, including photographs, provided pursuant to this
Rule shall be in color unless the original exhibit was in black and white. Black
and white photo copies of color exhibits are not acceptable. If the exhibit is
an audio or video tape or other electronically reproduced medium, the reporter
shall be responsible for ensuring that the original and two (2) copies of the
item are filed with the transcripts. In each instance, as a condition to the
admissibility of the exhibit for consideration on appeal, the trial court shall
ensure the party introducing the exhibit shall be responsible for both its
reproduction in the same quality as the original, including delivery to the
court reporter, and the cost of reproduction. If a party fails to comply with a
reporter's request to provide copies of exhibits in accordance with this Rule,
the court reporter, after completion of the transcripts, shall file a notice of
non-completion with the clerk of the District Court and the Clerk of this Court
setting out with specificity the items that have not been provided, when the
request was made and the party who has failed to comply with this Rule.
(2) The original transcript, indexed and certified as correct, together with
two (2) certified copies (original and three (3) certified copies in capital
cases), and attached exhibits or photos or copies of exhibits, in volumes not to
exceed three hundred (300) pages of text per volume, shall be filed with the
court clerk in the trial court by the court reporter within sufficient time to
allow the trial court clerk to file the notice required by Rule 2.3(A) within
ninety (90) days of Judgment and Sentence in misdemeanor and regular felony
appeals, and within six (6) months in capital appeals.
(3) Upon the filing of the transcript, the court reporter is required to
notify in writing the defendant's appellate attorney, the district attorney, the
attorney general, the trial court clerk and the Clerk of this Court that the
transcripts have been filed with the trial court clerk. This notice shall be
specific, itemizing and describing with particularity all transcripts (by volume
number or date of hearing) and exhibits (by number/letter and description) filed
with the court clerk. If more than one court reporter was involved in the
proceedings at issue, each court reporter shall be responsible for filing a
separate specific, itemized list. The clerk of the trial court shall file the
notice with the record.
(4) No exhibits other than documentary, photographic or electronically
recorded evidence, as required by subpart (B)(1) of this Rule, shall be
incorporated into the record on appeal or transmitted to the Clerk of the Court
of Criminal Appeals; PROVIDED HOWEVER, this Court may direct supplementation of
the record for any exhibit necessary for the determination of the appeal. Under
no circumstances will controlled or dangerous substances, weapons, or
ammunition, or body fluids or tissues be included in the record.
C. Transcript Not Available. If no transcript has been previously
prepared and no tape recording is available for any portion of the trial
proceedings, the trial attorneys may stipulate or submit affidavits as to what
transpired during the proceeding not transcribed or recorded. The trial judge
shall enter an order adjudicating any matters upon which the attorneys cannot
agree regarding what transpired during the unrecorded or untranscribed
proceedings.
D. Transcript Available. The transcript prepared by the court reporter
shall constitute the record of the proceedings from which it was transcribed.
When such transcript is made, tape recordings made by the court reporter as a
supplementary backup to the stenographic record to the completed transcript of
proceedings shall not constitute a part of the official record unless such
proceedings were recorded in accordance with Section 1223.1 of Title 22.
See Sections 106.4(a), 106.4a, and 106.5 of Title 20. This Rule does not
preclude findings of extreme necessity by the trial court that such recordings,
if they exist, are necessary to supplement inadequate transcripts.
E. Form of Certification for Original Record in Trial Court. The
original record to be filed in this Court must be certified by the clerk of the
trial court utilizing the form set out in Section XIII, Form 13.9.
F. When a City or Municipality is a Party. When a city or municipality
is a party, a certified copy of the specific ordinance(s) involved in the case
shall be included in the record. It shall be the responsibility of the city or
municipality to ensure the ordinance(s) are included in the record for appellate
review. See Hishaw v. City of Oklahoma City, 1991 OK CR 122, 822 P.2d
1139.
G. When the Record Includes Child Pornography. When the
record includes exhibits which depict or contain child pornography
(See Section 1024.1 of Title 21), the trial court shall
take precautionary steps in the handling of such exhibits. An exhibit depicting
or containing child pornography may only be possessed by the court, the court
clerk, the district attorney, an assistant district attorney, and law
enforcement.
(1) An exhibit depicting or containing child pornography shall not be
copied, duplicated, or reproduced in any manner. The condition to admissibility
requiring the party introducing an exhibit to be responsible for delivering
copies to the court reporter in Subsection B, above, shall not apply to an
exhibit depicting or containing child pornography.
(2) The trial court shall enter an order sealing any exhibit introduced at
trial which depicts or contains child pornography in accordance with Section
24A.29(A)(3) of Title 51. The trial court clerk shall take possession of the
sealed exhibit and secure it in a locked, secured repository with access only as
directed by the trial court and this Court.
(3) An exhibit depicting or containing child pornography shall not be
transmitted with the record. Upon receipt of the Notice to Transmit, the
District Court shall enter an Order to Transport directing the district
attorney, assistant district attorney or law enforcement to transport the
exhibit under seal with two (2) copies of the Order to Transport and
hand-deliver both the sealed exhibit and the copies of the Order to Transport to
the Clerk of this Court. Any exhibit depicting or containing child pornography
shall be transported to the Clerk of this Court within ten (10) days of receipt
of the Notice to Transmit. The trial court clerk shall certify the exhibit on
the copies of the Order to Transport utilizing the form set out in Section XIII,
Form 13.16.
(4) Upon receipt of the sealed exhibit and copies of the District Court's
Order to Transport, the individual transporting such an exhibit shall execute
and file a Receipt to Transport and acknowledge receipt of the sealed exhibit
with the trial court clerk. The individual shall maintain proper
chain-of-custody of the exhibit until hand-delivered to the Clerk of this Court
with two (2) copies of the Order to Transport. The individual shall return one
copy of the District Court's Order to Transport with the Clerk of this Court's
acknowledgment of receipt to the trial court clerk.
(5) Upon receipt of a sealed exhibit depicting or containing child
pornography, the Clerk of this Court shall acknowledge receipt of the exhibit on
one (1) copy of the District Court's Order to Transport and file one (1) copy of
the Order to Transport. The clerk of this Court shall enter the exhibit on the
case docket and secure the exhibit in a locked, secured repository with access
only as directed by this Court. Counsel for Appellant and for the State may
contact the Marshal of this Court for viewing of any exhibit depicting or
containing child pornography. When an exhibit depicting or containing child
pornography is no longer needed for judicial review, this Court will order
destruction of the exhibit.
 
 

Citationizer© Summary of Documents Citing This DocumentCite
Name
Level
Title 22. Criminal Procedure CiteNameLevel 22 O.S. Rule 2.2, Form and Contents of RecordCitedCitationizer: Table of AuthorityCite
Name
Level
None Found.